# EXHIBIT B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In re Application of Richard Randall Green )<br>*Plaintiff* )<br>v. )<br> )<br> )<br>*Defendant* ) | Civil Action No. |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Export-Import Bank of the United States, 811 Vermont Avenue N.W., Washington, D.C. 20571

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: | Date and Time: |
|---|---|
| Arent Fox LLP, 1717 K Street NW, Washington, D.C. | 03/28/2018 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/26/18

*CLERK OF COURT*

OR  *[signature]*

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Richard Randall Green , who issues or requests this subpoena, are:

Naida A. Patel, Arent Fox LLP, 1717 K Street NW, Washington, D.C. 20006 nadia.patel@arentfox.com, (202)775-5716

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-mc-00030-BAH   Document 1-2   Filed 02/26/18   Page 4 of 11

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to 28 U.S.C. §1782, and Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, Richard Randall Green (the "Applicant"), requests that the Export-Import Bank of the United States produce all non-privileged documents in its possession, custody, or control that are responsive to the document requests that follow (the "Requests"), subject to the definitions and instructions set forth below.

### DEFINITIONS

1. The terms "Ex-Im Bank," "You," and "Your" each refers to the Export-Import Bank of the United States and its predecessors, successors, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

2. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise, in any medium, including without limitation paper, email, text message, iMessage, instant message, or social media correspondence.

3. The term "document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. The term "identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. The term "identify," when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce

the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

6. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. The term "concerning" means relating to, discussing, describing, evidencing, constituting, comprising, memorializing, or analyzing.

8. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The use of the singular form of any word includes the plural and vice versa.

11. The term "COFACE Facility Agreement" means the agreement executed on July 4, 2013, between Jabiru Satellite Limited as borrower, Newsat Limited as sponsor guarantor, Jabiru Satellite Holdings Pty. LTD. as parent guarantor, each Newsat Company listed in Schedule 1 of the COFACE Facility Agreement as the guarantors; Société Générale as COFACE Facility Agent, Société Générale, Standard Chartered Bank and Credit Suisse (Luxembourg) S.A. as mandated lead arrangers, and Société Générale, Standard Chartered Bank and Credit Suisse (Luxembourg) S.A. as the original COFACE lenders.

12. The term "Common Terms Agreement" means the agreement executed on July 4, 2013, by and among Jabiru Satellite Limited, a company incorporated under the laws of Australia with Company No. ACN 121 667 365 (the "Borrower"); Newsat Limited, a limited liability company duly organized and validly existing under the laws of Australia with Company No. ABN 12 003 237 303 (the "Sponsor Parent Guarantor"); Jabiru Satellite

Holdings Pty. Ltd., a limited liability company duly organized and validly existing under the laws of Australia with Company No. ACN 162-147-800 ("Parent Guarantor"); each other Person listed in Schedule 1 (together with the Sponsor Guarantor and the Parent Guarantor, the "Guarantors"); Citibank N.A., as facility agent for Ex-Im Bank (the "Ex-Im Facility Agent"); and the Ex-Im Bank, an independent agency of the United States of America.

13. The term "Ex-Im Agreement" means the agreement executed on July 4, 2013, by and among Jabiru Satellite Limited, a company incorporated under the laws of Australia with Company No. ACN 121 667 365 (the "Borrower"); Newsat Limited, a limited liability company duly organized and validly existing under the laws of Australia with Company No. ABN 12 003 237 303 (the "Sponsor Parent Guarantor"); Jabiru Satellite Holdings Pty. Ltd., a limited liability company duly organized and validly existing under the laws of Australia with Company No. ACN 162-147-800 ("Parent Guarantor"); each other Person listed in Schedule 1 (together with the Sponsor Guarantor and the Parent Guarantor, the "Guarantors"); Citibank N.A., as facility agent for Ex-Im Bank (the "Ex-Im Facility Agent"); and the Ex-Im Bank.

14. The term "Reserve Facility Agreement" means the agreement dated July 4, 2013, made by and between Jabiru Satellite Limited, a company registered under the laws of Australia ABN 71 121 667 365 and with registered office at Level 4, 6 Riverside Quay, Southbank, Victoria 3006, Australia (the Company); Newsat Limited, a company registered under the laws of Australia ABN 12 003 237 303 and with registered office at Level 4, 6 Riverside Quay, Southbank, Victoria 3006, Australia (the Sponsor Guarantor); Jabiru Satellite Holdings Pty. Ltd., a company registered under the laws of Australia ACN 162-147-800 and with registered office at Level 4, 6 Riverside Quay Southbank, Victoria 3006 Australia (the Parent Guarantor); the Newsat Companies Listed In Schedule 6 (each a Guarantor, and

together with the Sponsor Guarantor and the Parent Guarantor, the Original Guarantors); Standard Chartered Bank as mandated lead arranger (in this capacity the Arranger); Standard Chartered Bank as original lender (in this capacity the Original Lender); Standard Chartered Bank as issuing bank (in this capacity the Issuing Bank); Deutsche Bank Trust Company Americas, acting in its capacity as reserve facility agent (in this capacity the Reserve Facility Agent); Deutsche Bank Trust Company Americas, acting in its capacity as the intercreditor agent for the Secured Parties (as defined in the Common Terms Agreement) (the Intercreditor Agent); and Citicorp International Limited, acting in its capacity as security trustee for the Secured Parties (as defined in the Common Terms Agreement) (the Security Trustee).

15. The term "Security Trust Deed" means the deed dated July 4, 2013 and is made between: Jabiru Satellite Limited ABN 71 121 667 365 of Level 4, 6 Riverside Quay, Southbank, Victoria 3006, Australia (the Company); the persons listed in Schedule 2 as original security providers (in this capacity the Original Obligors); the persons listed in Schedule 1 as original beneficiaries (in this capacity the Original Beneficiaries); Deutsche Bank Trust Company Americas as intercreditor agent (in this capacity the Intercreditor Agent); and Citicorp International Limited of 50/F, Citibank Tower, 3 Garden Road, Central, Hong Kong as security trustee (in this capacity the Security Trustee).

16. The term "Financing Agreements" refers collectively to the COFACE Facility Agreement, the Reserve Facility Agreement, the Ex-Im Agreement, the Common Terms Agreement, and the Security Trust Deed.

17. The term "Secured Creditors" refers collectively to Société Générale; Standard Chartered Bank; Credit Suisse (Luxemburg) S.A.; the Ex-Im Bank; Deutsche Bank Trust Company Americas; Citibank, N.A., and Citicorp International Limited.

18.     The term "Plaintiff Companies" refers collectively to NewSat Limited ACN 003 237 303 (in liquidation) and Jabiru Satellite Limited ACN 121 667 365 (in liquidation).

## INSTRUCTIONS

1.      These Requests are continuing in nature, and in the event that You become aware of additional responsive information or documents at any time through the conclusion of this proceeding, You are requested promptly to produce such additional information or documents.

2.      Each Request should be answered separately and in order.  For each Request, the response must state the documents that will be produced and by when the production will made.

3.      Responsive Documents shall be produced in a manner organized and labeled to correspond with the categories in these Requests or kept by You in the ordinary course of business.  Electronically stored information or ESI shall be produced in a format with metadata to be agreed upon by the parties or as ordered by the Court.

4.      If, based upon any objection other than a claim of privilege, you refuse to respond to any Request, state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal and the manner and extent to which you will limit your production based upon such objection.  If Your objection is only to part of the Request, You must specify the part and the basis for the objection, and produce the rest of the responsive documents.

5.      If You object to any request or sub-part thereof on a claim of any privilege, including an assertion of the attorney-client privilege or a claim that responsive Documents constitute attorney work product, You are hereby requested to provide at the time of production the basis for the asserted privilege or immunity, set forth for each withheld

document, including the following information: (i) the date of the Document; (ii) the name of the Document's originator, the name of the person(s) to whom it is addressed, the names of all person(s) who were shown copies or to whom copies were distributed and the names of each person participating in the preparation of the document or in whose name the document was prepared; (iii) a general physical description of the type of Document, and the subject matter to which it pertains; (iv) the Document's current custodian; and (v) a statement of the precise basis upon which the document has been redacted or withheld, including the specific nature of the privileged or immunity claimed and the detailed ground for claiming such privilege or immunity.

6. No privilege log entry is required for privileged documents and communications created or generated on or after the date that outside counsel of record for each party was retained.

## REQUESTS FOR DOCUMENTS

1. Documents and communications concerning Your decision to agree to provide the Plaintiff Companies with financing under the terms of the Financing Agreements, including, without limitation, all documents and communications concerning any due diligence You performed that supported or otherwise informed Your decision to provide the Plaintiff Companies with financing under the terms of the Financing Agreements.

2. Documents and communications concerning Your decision to continue to provide the Plaintiff Companies with financing in accordance with the Financing Agreements.

3. Documents and communications concerning any waivers that were granted to the Plaintiff Companies in connection with the Financing Agreements.

4. Documents and communications concerning Your decision to terminate financing

to the Plaintiff Companies in accordance with the Financing Agreements.

5. Communications with any of the Plaintiff Companies concerning the Financing Agreements, both prior to and subsequent to the date the Financing Agreements were executed.

6. Communications with any of the other Secured Creditors concerning the Financing Agreements, both prior to and subsequent to the date the Financing Agreements were executed.

7. Documents and communications concerning Applicant Richard Randall Green that relate to the financing provided to the Plaintiff Companies pursuant to the Financing Agreements.

8. Documents and communications concerning Adrian Maxwell Ballintine that relate to the financing provided to the Plaintiff Companies pursuant to the Financing Agreements.